ROBERT MAYER, as President of Local Union No. 2090 of the United Brotherhood of Carpenters & Joiners of America, and Others, Appellants, v. CHARLES W. HANSEN, as President of the District Council of New York City of the United Brotherhood of Carpenters & Joiners of America, Respondent, Impleaded with WILLIAM L. HUTCHESON, as General President of United Brotherhood of Carpenters & Joiners of America, and Another, etc., Defendants.

First Department, June 19, 1940.

*George Z. Medalie* of counsel [*Louis Haimoff* with him on the brief; *Harry Sacher*, attorney], for the appellants.

*Charles H. Tuttle* of counsel [*Thomas E. Kerwin* and *George W. Morgan, Jr.*, with him on the brief; *Breed, Abbott & Morgan*, attorneys], for the respondent.

TOWNLEY, J. This action was brought to restrain the enforcement by defendants of an order of the United Brotherhood of Carpenters & Joiners of America revoking the charter of the plaintiff local, confiscating its property, and dispersing its members. The defendant District Council of New York City is a subordinate body of the United Brotherhood consisting of delegates of the local unions in New York city and Nassau county and has exclusive jurisdiction of the issuance of " work cards " and other credentials essential to the employment of members of local unions within its territory.

The controversy which brought about the expulsion of the plaintiffs arose out of an election which passed upon two proposed amendments to the constitution of the International Union. The claim was made that in the tabulation of the votes cast by the members of the various locals, the representatives of the United Brotherhood had transposed the result so that the votes cast against the adoption of the resolution (which were by far the larger number) were counted for it, and those for the resolution were counted against it. When this was discovered by a comparison of the duplicate returns retained by the locals with the results announced, plaintiffs refused to recognize or enforce the amendments. After considerable controversy they were expelled and their charter revoked.

Following plaintiffs' expulsion, the District Council refused to issue " work cards " to its members, notified those with whom it had contracts that plaintiff's members should not be recognized and refused recognition to the plaintiff Morelly as business agent of the local. The headquarters of the United Brotherhood is in Indianapolis, Ind., and the plaintiffs have not been able to get jurisdiction over that defendant or its officers. The defendant District Council has, however, been served with process and has answered. A temporary injunction was granted on the application of the plaintiffs and the matter was sent to a referee to hear and report on all the issues. On the hearing before the referee, no witnesses were called by said defendant. The referee in a report

containing a very comprehensive review of the evidence found that the plaintiffs' charges were fully sustained and recommended the issuance of an injunction as prayed for in the complaint. On the motion made to confirm, the justice at Special Term, although expressly approving the finding of the referee as to the fraud charged, refused to confirm the referee's report on the ground that the injunction sought against the District Council would not give effective relief.

The practical answer to this objection is that the temporary injunction was in force for some two years and was found in every way effective. The legal answer is that the court has full power to grant the injunction since it has before it the District Council through which the executive officers of the United Brotherhood act. In *Klein* v. *Morrin* (273 N. Y. 553) the Court of Appeals sustained an injunction setting aside the revocation of the charter of a local union although the executive board which had issued the decree of revocation was not before the court. The court has full power to issue a decree against the actual wrongdoer in the absence of the principal. (See *Osborn* v. *United States Bank*, 9 Wheat. 738, and *Veitia* v. *Fortuna Estates*, 240 Fed. 256.) It is obvious that it is essential for the protection of the members of the plaintiff union who are local workingmen in good standing that this injunction should issue.

The judgment and order should be reversed, with costs, and judgment should be granted as prayed for in the complaint, with costs.

MARTIN, P. J., O'MALLEY, COHN and CALLAHAN, JJ., concur.

Judgment and order unanimously reversed, with costs, and judgment granted as prayed for in the complaint, with costs. Settle order on notice.